IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL GRAY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 2:15cv401-SRW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Nathaniel Gray commenced this action on June 8, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his claim for a period of disability and disability insurance benefits. (Doc. 1). On August 28, 2013, the Administrative Law Judge ("ALJ") issued an adverse decision.[1] (Doc. 15-2 at 21-45). The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. (Id. at 2-7). This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. See 28 U.S.C. § 636(c). (Doc. 10, 11). For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be reversed.

---

[1] Plaintiff was represented by counsel at the hearing before the ALJ. (Doc. 15-2 at 24).

1

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id. A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;

(2)  whether the claimant has a severe impairment;

(3)  whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4)  whether the claimant can perform his or her past work; and

(5)  whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

## DISCUSSION[2]

"On March 16, 2012, [plaintiff] protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December 21, 2004. The claim was denied initially on May 11, 2012. Thereafter, the [plaintiff] filed a written request for hearing on May 24, 2012 (20 CFR 404.929 *et seq.*))." (Doc. 15-2 at 24). The plaintiff had a hearing before the ALJ on May 28, 2013. (Id.). The ALJ found that plaintiff met the insured status requirements through December 31, 2008. (Id. at 26). The ALJ determined that plaintiff has not engaged in substantial gainful activity since his alleged onset date and that he has the severe impairment of Post Traumatic Stress Disorder as well as the non-severe impairments of hypertension, hyperlipidemia, and status post fracture of the right hand. (Id.). The ALJ also considered the impairment of plaintiff's complaints of knee pain for which plaintiff sought treatment during the insurable period; however, the ALJ did not expressly state whether plaintiff's knee pain is a severe or non-

---

[2] The facts and procedural history discussed in this opinion are gleaned from the record as a whole, and especially from the parties' briefs (Docs. 13 & 14) and the Social Security Transcript of Administrative Proceedings (Doc. 15 *et seq.*).

severe impairment. (Id. at 34). The ALJ concluded that, through December 31, 2008, plaintiff "did not have an impairment or combination of impairments" that, individually or collectively, meets a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1.  (Id. at 27).

Based on the plaintiff's impairments, symptoms, and the record as a whole, the ALJ developed a residual functional capacity ("RFC") assessment that plaintiff can perform medium work except that the plaintiff "cannot work at unprotected heights" among other limitations.  (Doc. 15-2 at 28-43).  After considering the evidence of record, the RFC, and the testimony of a vocational expert, the ALJ concluded that there are jobs existing in significant numbers in the national and local economy that plaintiff can perform.  (Id. at 43-44).  The ALJ found that plaintiff is not disabled.  (Id. at 45). Prior to the hearing before the ALJ, the United States Department of Veterans Affairs ("V.A.") made a finding that plaintiff is "100%" disabled due to Post Traumatic Stress Disorder. (Doc. 15-13 at 2-3). The ALJ considered the V.A.'s disability determination in making her decision; the weight assigned by the Commissioner to the V.A.'s finding is a central issue in this case.

On appeal, plaintiff argues that the ALJ erred by (1) failing to find that plaintiff's "right hand and knee impairment[s]" are each or collectively a severe impairment; (2) "failing to give appropriate weight to the opinion of treating sources"; and (3) "failing to give appropriate weight to … the disability rating given by the Veteran's Administration," which found plaintiff to be disabled.  (Doc. 13 at 1).  Because plaintiff is due to prevail on his third argument, the court addresses only that claim of error in this opinion.

The ALJ drafted a thorough written decision denying plaintiff's application for disability and disability insurance benefits, and it is clear to the court that the ALJ carefully

considered the plaintiff's case. However, because the ALJ afforded a legally insufficient weight to the V.A.'s disability rating, the written decision contains a legal error which mandates remand to the Commissioner for further proceedings. As discussed above, it is undisputed that the V.A. issued a finding that, due to Post Traumatic Stress Disorder, plaintiff has an "overall or combined [disability] rating … at 100%" and that the disability is "100% Service-connected." (Doc. 15-13 at 2-3). "'Although the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given *great weight*.'" Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (citing Olson v. Schweiker, 663 F.2d 593 (5th Cir.1981), citing in turn to Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. 1981)) (emphasis supplied); see also 20 C.F.R. § 404.1504 ("a determination made by another agency that you are disabled or blind is not binding on [the Commissioner]"); Adams v. Comm'r of Soc. Sec., 542 F. App'x 854, 856 (11th Cir. 2013) ("Although the ALJ should give the VA's disability rating 'great weight,' the rating is not binding on the Commissioner.") (citing Brady, 724 F.2d at 921).

An ALJ need not expressly state that he or she has given the V.A.'s disability determination "great weight" or discuss how much weight the ALJ afforded the determination, but it must be apparent from the record that the ALJ "expressly considered and closely scrutinized" the V.A.'s disability determination such that it is clear to a reviewing court that the determination was given the requisite "great weight." Adams, 542 F. App'x at 857 (citing Rodriguez, 640 F.2d at 686, Brady, 724 F.2d at 921) (holding that the ALJ did not commit a legal error by failing to "state the precise amount of weight he

[gave] the VA's disability determination").[3] As a matter of law, the ALJ cannot assign anything less than "great weight" to a disability determination by the V.A. – although, as noted previously, the V.A.'s disability rating remains non-binding on the Commissioner.

Here, the ALJ expressly indicated that he gave the V.A.'s disability determination "little weight." (Doc. 15-2 at 39). The ALJ also explained why, in his view, the V.A's disability decision should not be credited. (Id.)  Thus, it is clear that the ALJ did not assign "great weight" to the V.A.'s disability determination, and the Commissioner does not direct the court to any decision by another court, or any statute or regulation, that supports the notion that an ALJ can depart from the "great weight" standard even if he has good reason for doing so.  Failing to give the V.A.'s disability determination "great weight" is legal error in and of itself, and this matter must be remanded to the Commissioner so that she

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but they may be cited as persuasive authority.  See United States v. Rodriguez-Lopez, 363 F.3d 1134, 1138 n.4 (11th Cir. 2004); 11th Cir. R. 36-2.  The Adams decision is unpublished, and it is persuasive to the extent that it applies the long-standing Brady rule – i.e., that "great weight" must be afforded to the V.A.'s disability determinations, but such determinations are not binding on the Commissioner.  See Brady, 724 F.2d at 921.  The court reads Adams to hold, in relevant part, that an ALJ does not commit reversible error by failing to write the words "great weight" into a disability determination decision where it is clear from the record that the ALJ assigned "great weight" to the V.A.'s disability determination.  542 F. App'x at 857.  However, the language of the final two sentences of the Adams decision, when read in isolation of the opinion as a whole and without considering the Brady rule, could be misconstrued to alter the level of weight the Commissioner is required to give to the V.A.'s disability determination. Those sentences read: "Thus, while the ALJ did not specify how much weight he gave the VA disability determination, he seriously considered it in making his own determination that Adams was not disabled. Accordingly, the ALJ did not err by failing to give the VA disability determination 'great weight.'" Id.  To the extent that one might be tempted to argue that Adams allows an ALJ to "seriously consider" a V.A.'s disability finding without also giving the determination "great weight," that argument would lack merit, as it advocates for a departure from the well-established "great weight" requirement and misconstrues the holding in Adams. Regardless, even assuming for the sake of argument that the Adams decision does indeed lessen the "great weight" standard to a "seriously considered" standard, Adams is not binding here and the court is not persuaded that the "great weight" requirement has been altered.

can reconsider plaintiff's claim for benefits after affording "great weight" to the V.A.'s 100% disability determination.

The plaintiff urges the court to remand this cause with an order that the Commissioner shall award benefits, but the court declines that request. (Doc. 13 at 6). Because the V.A.'s disability determination is not binding on the Commissioner, see Brady, 724 F.2d at 921, it is not a certainty that the plaintiff is entitled to an award of benefits based solely on the V.A.'s determination. The court will not award benefits where it is possible that the ALJ might reach an adverse decision even after assigning "great weight" to the V.A.'s disability decision.

## CONCLUSION

Accordingly, for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. As noted above, because of this conclusion, the court does not address the remaining issues raised by plaintiff. The court expects that the Commissioner will consider plaintiff's arguments as to those issues on remand, and will develop the record as is necessary in areas not expressly considered in this opinion.

DONE, on this the 28th day of September, 2016.

/s/ Susan Russ Walker  
Susan Russ Walker  
Chief United States Magistrate Judge